RECEIVED
IN LAKE CHARLES, LA

OCT 31 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BERT SCHMIDT** | : | **DOCKET NO. 2:06-0778** |
| **VS.** | : | **JUDGE MINALDI** |
| **ACE AMERICA, VULCRAFT CARRIER, JOSE IBARRA and GWEN LIVELY** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM ORDER

Before this court is plaintiff Bert Schmidt's ("Schmidt") Motion in Limine. Ace America, Vulcraft Carrier, Jose Ibarra, and Gwen Lively ("the defendants") filed a Response. The defendants do not object to paragraphs 1, 2, 3, 4, 6, 7, 9, 10, 11, 12, 13, 14, 15, and 19 of Schmidt's motion, but the defendants object to paragraphs 5, 8, 16, 17, and 18.

## ANALYSIS

### Paragraph 5

Paragraph 5 requests that the court rule on any information pertaining to Schmidt's personal habits, including drinking and/or drug habits, outside the presence of the jury, because the defendants have not alleged that these habits have contributed to the accident underlying this suit. The defendants object to paragraph 5 because they argue that there is evidence that Schmidt consumed alcoholic beverages within 24 hours of the accident in question and also tested positive for the presence of marijuana in the emergency room after the accident. The defendants argue that under Federal Rule of Evidence 401, evidence of Schmidt's consumption is relevant, and thus admissible

1

under Rule 402.

Federal Rule of Evidence 401 states that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Courts may exclude relevant evidence if the evidence's "probative value is substantially outweighed by the danger of unfair prejudice...." FED. R. EVID. 403. The Fifth Circuit has noted that "unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party...The prejudice must be 'unfair.'" *Ballou v. Henru Studios, Inc.*, 656 F.2d 1147, 1155 (5th Cir. 1981).

When faced with a motion in limine to exclude evidence of a drug test where liability in an accident was at issue, the Western District of Louisiana admitted the results of the drug test. *Harris v. Kubota Tractor Corp.*, 2006 WL 2734460 (W.D. La. 2006), *3. The court found that evidence of the drug test was not only relevant to liability because it may, "in the minds of the jury, tend to establish that [the plaintiff] was impaired at the time of the accident, an issue in this case." *Id.* The court thus found that the evidence was highly probative, and although prejudicial, not unfairly so, since the plaintiff's possible impairment could provide a basis for contributory negligence. *Id.* Similarly, this court finds Schmidt's positive marijuana test and alcohol consumption is also relevant because it may provide a basis for Schmidt's contributory negligence in the minds of the jury.

### Paragraph 8

Paragraph 8 requests that the court rule on the admissibility of any pleadings that have been superseded by the current pleadings on file, outside the presence of the jury. Trial judges may properly admit superseded pleadings, and the admissibility of superseded pleadings is subject to a Rule 403 balancing test. *Pierce v. Central Maine Power*, 622 A.2d 80, 82 (Me. 1993). Here, it is

unclear what, if any prejudice that Schmidt would incur from superseded pleadings. Accordingly, his motion is denied as to paragraph 8.

### Paragraph 16

Paragraph 16 requests that the court rule on the admissibility of any learned treatises that may be tendered, outside the presence of the jury. Because there is no indication that learned treatises will be introduced, this motion is denied as to paragraph 16.

### Paragraph 17

Paragraph 17 requests that the court rule on the admissibility of any photography or motion picture films outside the presence of the jury. Because there is no indication that these items will be proffered, this motion is denied as to paragraph 17.

### Paragraph 18

Paragraph 18 requests that the court rule on the admissibility of evidence pertaining to Schmidt's prior injuries and medical conditions. Pursuant to Federal Rule of Evidence 401 and 402, this evidence is admissible because it is relevant to demonstrate Schmidt's ability to work in the future, and may affect any claim for loss of future earning capacity, independent of any injuries suffered by Schmidt in this case. Accordingly, this motion is denied as to paragraph 18.

For the reasons stated in this Memorandum Order

IT IS ORDERED that the plaintiff's Motion in Limine, with respect to paragraphs 1, 2, 3, 4, 6, 7, 9, 10, 11, 12, 13, 14, 15, and 19, is hereby GRANTED.

IT IS FURTHER ORDERED that the plaintiff's Motion in Limine, with respect to paragraphs 5, 8, 16, 17, and 18, is hereby DENIED.

Lake Charles, Louisiana, this 25 day of August, 2007

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE